PER CURIAM.
We dismiss the instant appeal as untimely filed. The order being appealed was rendered March 27, 2014, and accordingly, the notice of appeal was due to be filed on or before April 28, 2014. The pro se notice of appeal filed by the appellant was received in the Brevard County clerk’s office on May 19, 2014, in an envelope postmarked May 15, 2014. Since the appellant was incarcerated when he filed his pro se notice of appeal, the “mailbox rule” applied. Under that rule, a document is deemed filed when placed in the hands of prison officials for mailing, and the date contained in the certificate of service on the document is presumed to be the date it was. placed in the hands of the prison official for mailing. See Fla. R. App. P. 9.420(a)(2); Quilling v. State, 894 So.2d 1061, 1068 (Fla. 5th DCA 2005). Here, contrary to the allegations contained in defense counsel’s response to our order to show cause why this appeal should not be dismissed, the appellant’s notice of appeal did not contain a certificate of service reflecting timely filing. In fact, the notice of appeal contains no certificate of service at all. Accordingly, dismissal of this appeal is warranted.
DISMISSED.
SAWAYA, PALMER and ORFINGER, JJ., concur.